IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CORY L. ELLIS, #205307, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 2:19-CV-1068-RAH |
| | )                             (WO) |
| | ) |
| WALTER MYERS, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Cory L. Ellis, an indigent state inmate currently confined at the Bullock Correctional Facility. In the instant complaint, Ellis alleges the lack of adequate security and inaction by the defendants resulted in his attack by other inmates during a prior term of incarceration at the Easterling Correctional Facility. Doc. 1 at 3. He seeks "[t]o be removed from Easterling Corr[ectional] Facility [and] 'Justice'." Doc. 1 at 4.

The defendants filed a special report and a supplement to this report supported by relevant evidentiary materials, including affidavits, applicable institutional documents and medical records, in which they address the claims presented by Ellis. *See* Doc. 38, Docs. 38-1 thru 38-8, Doc. 40 and Docs. 40-1 thru 40-4. Specifically, the defendants deny violating Ellis' constitutional rights with respect to the assault committed against him by other inmates.

Upon review of the defendants' report, supplement thereto, and supporting evidentiary materials, the court entered an order directing Ellis to file a response to these documents. Doc. 41. The order advised Ellis that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 41 at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order the undersigned will recommend that this case be dismissed for such failure.**" Doc. 41 at 1 (emphasis in original). The time allotted Ellis to file a response in compliance with this order expired on July 20, 2020. Doc. 41 at 1. As of the present date Ellis has failed to file a response in opposition to the defendants' special report and supplement to this report as directed by the court. In light of such failure, the court finds that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, it is clear that dismissal of this case is the proper course of action. Specifically, Ellis is an indigent inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, his inaction in the face of the defendants' reports and this court's order suggests a loss of interest in the continued prosecution of this case. Finally, it likewise appears that any additional effort by this court to secure Ellis' compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently, the court

2

concludes the abandonment of this case by Ellis and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

It is further

ORDERED that on or before **August 18, 2020**, the parties may file objections to the Recommendation. The parties are advised that they must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are also advised that Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of August, 2020.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE